[Civil No. 2701.   Filed May 14, 1928.]

[267 Pac. 421.]

NETTIE D. McCRAY, Appellant, v. SOL BARTH, JACOB BARTH, CLARA BARTH and CE-CELIA BARTH, Appellees.

Mr. P. A. Sawyer and Mr. Don T. Udall, for Appellant.

Mr. Isaac Barth and Mr. Maurice Barth, for Appellees.

LOCKWOOD, J.—Nettie D. McCray, hereinafter called appellant, brought suit against Sol Barth, Jacob Barth, Clara Barth and Cecelia Barth, for damages alleged to have been sustained by her as the result of falling into a trench which she claimed

had been dug by defendants across the sidewalk of a certain public thoroughfare in St. Johns, Apache county, Arizona. Each of defendants filed a separate answer, and appellant filed a motion to strike certain matters from the separate answers of Jacob, Clara and Cecelia Barth, whom we will hereinafter call appellees, which motion was by the court denied. The answers of appellees set up certain defenses to the action not appearing in the answer of Sol Barth, and it was stipulated in open court by counsel that the hearing on the plea in bar raised by these answers be set down for trial Tuesday, July 26th, 1927. At this time evidence was presented to the court by both appellant and appellees, and the pleas in bar were sustained, whereupon appellant filed the following notice of appeal:

"Notice is hereby given that the above-named plaintiff, Nettie D. McCray, appeals to the Supreme Court of the state of Arizona from that certain order made and entered by the above-entitled court in the above-entitled action, on the 19th day of July, 1927, granting defendants a preliminary hearing to determine who are proper parties defendant in such action, and from that certain order of the court made on the 26th day of July, 1927, dismissing said action as to defendants Clara Barth and Cecelia Barth, and from that certain order made by the above-entitled court on the 2nd day of August, 1927, dismissing said above-entitled action as to defendant, Jacob Barth, and from that certain order or judgment of dismissal made and entered on the 9th day of August, 1927, dismissing said cause as to Cecelia Barth, Jacob Barth, and Clara Barth, and from the whole thereof."

There are some nine assignments of error. The first two refer to the rulings of the court on certain demurrers and motions to strike made by appellant. The pleadings and the record on this point are in such a condition that we cannot say more than that it does not appear affirmatively the court erred in its

rulings. This, however, is not of particular importance, for we can consider the questions which appellant apparently relies on in this appeal, judging from the oral arguments and the briefs, on the other assignments of error.

The third assignment is that the court erred in allowing a preliminary hearing on a plea in bar to determine who were proper parties defendant. Taking the pleadings and the minute entries in the record as showing the theory on which the matter was heard in the trial court, it appears that appellees Clara and Cecelia Barth by their separate answers disclaimed any liability to appellant, on the ground that they had nothing whatever to do either with the digging of the ditch mentioned in appellant's complaint or with any of the property alleged to have been benefited thereby.

Appellee Jacob Barth alleged, in substance, that he had ordered the ditch to be dug as agent for his father, Sol Barth, but that he had no other connection therewith, and all of appellees pleaded a misjoinder of parties defendant. Sol Barth's defense was that the ditch was dug by him through an independent contractor. Apparently all the parties to the action considered the liability of Jacob, Clara and Cecelia Barth should be determined under paragraph 509, Revised Statutes of Arizona of 1913, Civil Code, as a matter preliminary to the trial on the merits, for the minutes show a stipulation that the hearing on the plea in bar of the appellees be set down for Tuesday, July 26th, 1927. The matter was heard on that day before the court, and witnesses were called by both appellant and appellees, and the court, after hearing the evidence, ordered that the action be dismissed as to Jacob, Clara and Cecelia Barth, leaving the issue one between appellant and Sol Barth.

It is urged by appellant that the answers of the appellees raised an issue of fact which shc ld have

been determined by a jury on the trial of the general issue, and she cites in support of her contention the case of *Harris* v. *North,* 78 W. Va. 76, 1 A. L. R. 356, 88 S. E. 603. This case lays down the rule that, in an action of tort, a plea in abatement of misjoinder, where the misjoinder is not apparent on the face of the complaint, is bad, and that such a defense should be tried out under the general issue. We are of the opinion that this is the correct rule in tort actions. At common law, nonjoinder of defendants was ground of abatement, and, if not pleaded, it was waived, but misjoinder did not have to be pleaded in abatement, and, when it appeared in the proof under the general issue, it was matter calling for a nonsuit. The office of a plea in abatement is to bring to the attention of the court some fact or circumstances not disclosed on the face of the record which, while not absolutely and forever concluding a recovery in favor of the plaintiff, defeats the particular action in which it is set up. If the plea be sustained, the plaintiff may proceed against the same defendant at a later date in some other court or form of action, but a matter which forever precludes a recovery against the party who pleads it is to be pleaded in bar. In this particular case a sustaining of the plea of the appellees would forever bar another suit against any of them. Their plea was therefore not a plea in abatement, but one in bar of the action, and should properly have been tried at the time of the determination of the general issue instead of prior thereto under paragraph 509, *supra.*

Had appellant insisted on this procedure and refused to go to trial before the court on these pleas alone, the appeal would undoubtedly have been well taken. It appears, however, from the minutes that she stipulated that the pleas might be heard as they were tried, nor does the record show she ever ob-

jected thereto until after the decision of the trial court. As was well said in *Harris* v. *North, supra*:

"On this bad plea issue was voluntarily made and joined by the plaintiffs, wherefore the error involved is not strictly one committed by the court; and the issue so joined and tried was in one aspect completely determinative of the question of liability. . . .

"If the court technically erred in sustaining the motion for a separate and preliminary trial of that issue, the error is manifestly harmless, for the trial as to North's liability for the debt, the existence of which was assumed for the purposes of the trial, was full and complete and exactly the same in character and procedure as if that question had been determined under the general issue. *Moreover, the plaintiffs invited the error by their acquiescence in the claim of right to plead misjoinder as matter of abatement. Ordinarily, a party is estopped to complain of errors committed or invited by himself.* [Citing cases.]" (Italics ours.)

We think the rule laid down in the case above applies to the present action with equal force. So far as the record shows, appellant stipulated that the court might hear without the aid of a jury, and before the trial of the general issue, the issue which would fully determine the liability of the three appellees for any damages sustained by her. True, she claims in her brief the hearing was against her will, but the record does not so show, and we are bound by it. Having so stipulated, she cannot complain that the decision of the court was against her, if there is any evidence in the record to sustain the order. We have examined the testimony given at the hearing, and we think it is ample to sustain the order of dismissal as to appellees. It may be that other evidence exists which, if presented, would have caused the court or a jury to come to a different conclusion, but the trial judge could pass only on the evidence actually before him, and, under our oft-

repeated rule, his order must be sustained, if there is any evidence in the record to justify it.

This disposes adversely to the contention of appellant of the only points of law involved in the case, and the orders appealed from are affirmed.

ROSS, C. J., and McALISTER, J., concur.